```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

ELIJAH R. WASKINGTON,              *

    Plaintiff,                    *

vs.                                *
                                              CASE NO. 3:11-CV-29 (CDL)
VERIZON COMMUNICATIONS, INC.       *
and VERIZON PENSION PLAN FOR
MID-ATLANTIC ASSOCS.,              *

    Defendants.                   *

## O R D E R

After the Court granted Defendants' Motion for Summary Judgment (ECF No. 47), *Washington v. Verizon Commc'ns, Inc.*, No. 3:11-CV-29 (CDL), 2012 WL 2025259 (M.D. Ga. June 5, 2012), and the Clerk entered Judgment (ECF No. 57) in favor of the Defendants and generally awarded costs to the Defendants, Plaintiff Elijah Washington ("Washington") filed a motion for reconsideration (ECF No. 60). For the reasons that follow, the Court denies Washington's motion for reconsideration (ECF No. 60); however, the Court does find that each party should bear its own costs and therefore directs that the Clerk not tax costs upon Washington.

## DISCUSSION

Washington filed a motion seeking reconsideration of the Court's Order granting summary judgment to Defendants and

requesting that the Court modify the Judgment to the extent it awards costs to the Defendants. Resp. to J., ECF No. 60. The Eleventh Circuit has recognized that reconsideration is justified where there is: (1) new evidence; (2) an intervening change or development in controlling law; and (3) the need to correct the court's clear error or manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (per curiam). The Court finds that Washington has not satisfied any of these grounds for reconsideration and denies Washington's motion to the extent it seeks reconsideration of the summary judgment order.

Washington also seeks to modify the Judgment's award of costs to Defendants. Resp. to J. 2. The Court has the power to review the Clerk's award of costs on a motion served within seven days of the award. Fed. R. Civ. P. 54(d)(1). Washington's motion was filed after judgment was entered awarding costs generally to Defendants but before costs were actually taxed. Therefore, the Court finds that Washington has contested an award of costs in a timely manner.

Washington seeks to avoid paying the costs because of his indigent status. Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The Eleventh

2

Circuit has clarified that Rule 54(d)(1) creates a presumption that costs will be awarded to a prevailing party. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). Costs may be awarded against a party who is proceeding *in forma pauperis*. *Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 838 (11th Cir. 2011) (per curiam). A district court may, however, consider the financial status of a non-prevailing party and in its discretion order that costs not be awarded. *Id.* The Court permitted Washington to proceed *in forma pauperis*. Text Only Order Mar. 8, 2011. Taking this into consideration and in its discretion, the Court orders that each party shall bear its own costs. Thus, the Court directs the Clerk not to tax costs against Washington.

## CONCLUSION

The Court denies Washington's motion for reconsideration (ECF No. 60) of its grant of summary judgment in favor of Defendants. The Court, however, directs the Clerk not to tax costs upon Washington. Each side shall bear their own costs.

IT IS SO ORDERED, this 14th day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
